IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-40178
Summary Calendar
_____

DAVID ROBLES,

Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT
OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

Respondent-Appellee

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-96-CV-131
_____

March 2, 1998

Before KING, HIGGINBOTHAM, and DAVIS, Circuit Judges

PER CURIAM:[*]

David Robles, Texas prisoner # 193550, appeals from the

district court's dismissal of his petition for a writ of habeas

corpus as abusive pursuant to Rule 9(b) of the Rules Governing

Section 2254 Cases.

Robles argues that the district court erred by dismissing

his petition as an abuse of the writ because he has shown that a

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

miscarriage of justice would result from the court's failure to address the merits of his petition.

We review a district court's decision to dismiss a petition pursuant to Rule 9(b) for abuse of discretion. <u>Hudson v. Whitley</u>, 979 F.2d 1058, 1062 (5th Cir. 1992). Because Robles cannot make an "actual innocence" showing, as defined in <u>Sawyer v. Whitley</u>, 505 U.S. 333, 336 (1992), he fails to show that a fundamental miscarriage of justice would result from the court's failure to address the merits of his petition.

The district court's judgment dismissing the petition as abusive pursuant to Rule 9(b) is AFFIRMED.